UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUANNE EDWARDS,

    Plaintiff,

vs.                                        Case No.  3:10-cv-387-J-34MCR

HOWMEDICA OSTEONICS CORPORATION,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 45) filed July 7, 2011.  Defendant filed a response in opposition to this Motion on July 20, 2011. (Doc. 48).  Accordingly, the matter is now ripe for judicial review.

## I. BACKGROUND

Plaintiff filed a Complaint in this Court on May 5, 2010 alleging negligence, strict liability, misrepresentation, and unjust enrichment.  (Doc. 1).  Plaintiff claimed she suffered injuries as a result of a medical device, a hip replacement system, manufactured by Defendant.  In response, Defendant filed a motion to dismiss (Doc. 9). On March 29, 2011, Judge Howard conducted a telephonic hearing in which she granted Defendant's Motion to Dismiss and allowed Plaintiff an opportunity to file an amended complaint.  Specifically, Judge Howard determined Plaintiff should be provided with an opportunity to file an amended complaint in order to comply with the pleading standards announced in the Eleventh Circuit case, Wolicki-Gables v. Arrow

-1-

Intern., Inc., 634 F.3d 1296 (11th Cir. 2011). (Doc. 36). Judge Howard informed counsel for Plaintiff that the amended complaint needed to contain factual allegations indicating specific pre-market approval ("PMA") requirements that have been violated and how. (Doc. 36, pp. 8-13). Additionally, Judge Howard indicated she would ordinarily give Plaintiff twenty days to file an amended complaint, but because Defendant needed to provide Plaintiff with some documents, she realized it might require more time in this case. (Doc. 36, pp. 17-18). Therefore, Judge Howard asked the parties to file an amended case management report and to include in that report, a deadline for Plaintiff to file her amended complaint. (Doc. 35; Doc. 36, pp. 18-19). The parties filed their amended Case Management Report (Doc.38) on April 15, 2011, however, they failed to include a deadline for filing the amended complaint. Indeed, to date, Plaintiff has failed to file an amended complaint.

Instead, it appears that on June 1, 2011, Plaintiff served Defendant with discovery requests and on June 6, 2011, Defendant mailed two CDs containing the PMA documents. (Doc. 48, Ex 2(C) and (D)). Defendant notified Plaintiff that it would not respond to the discovery requests because Plaintiff had not filed an amended complaint and therefore, there was no complaint pending in the case. Plaintiff filed the instant Motion seeking an Order requiring Defendant to respond to the discovery requests.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore, embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

Defendant argues the Motion to Compel should be denied for numerous reasons. Specifically, Defendant alleges Plaintiff failed to properly confer as required by Local Rule 3.01(g) and Rule 37 of the Federal Rules of Civil Procedure.  Additionally, Defendant contends that it has produced many of the documents requested by Plaintiff and requiring it to produce the remaining documents Plaintiff seeks would subject it to "an unwarranted burden at this pleading juncture of the case."  (Doc. 48, p.1).

With respect to Defendant's first point, the Court agrees that Plaintiff failed to adequately attempt to confer with opposing counsel prior to filing the instant motion. While counsel for Plaintiff corresponded with opposing counsel via an email, it does not appear he called counsel for Defendant prior to filing the instant motion. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of

disputes without court intervention." <u>Desai v. Tire Kingdom, Inc.</u>, 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues."  <u>Davis v. Apfel</u>, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 (M.D. Fla. Aug. 14, 2000).  While it appears counsel for Plaintiff made no attempt to "communicate" with opposing counsel prior to filing the motion to compel, the undersigned will not deny the Motion to Compel on this basis alone.  However, the Court will caution counsel for Plaintiff to ensure that he complies with the requirements of Local Rule 3.01(g) prior to filing any further motions.

Defendant also argues the Motion to Compel should be denied because it has already produced a number of the documents requested and as to the remaining documents, Plaintiff is not entitled to further discovery because at this point, there is no pending complaint.  Plaintiff's original complaint was dismissed without prejudice and to date, Plaintiff has not filed an amended complaint.  Defendant contends that because courts in the Eleventh Circuit routinely postpone discovery when a motion to dismiss is pending (in order to prevent a defendant from the burdens of discovery before it has been determined that the plaintiff has a valid claim), it is certainly not appropriate to allow discovery when there is no pending complaint.  In her Motion, Plaintiff "rhetorically" asks:

> has not the court's ruling to permit Plaintiff to amend [her] complaint, found that Plaintiff Edwards has alleged sufficient allegations to raise the spectrum of a right to relief, if she can prove the Defendant violated the Defendant's Premarket approval submission and agreement with the FDA?

(Doc. 46, p.2).  At this point, Plaintiff has not demonstrated any right to relief.  Rather, Plaintiff has simply been provided an opportunity to re-plead her allegations so that it may be determined whether she can properly demonstrate a right to relief.  Plaintiff's Motion does not argue Plaintiff needs further discovery in order to draft an amended complaint.  Indeed, the Motion does not mention Plaintiff's amended complaint.  The Court believes that without any valid claims pending, or at least an argument that further discovery is necessary for the filing of an amended complaint, Plaintiff should not be permitted to engage in extensive discovery.  Accordingly, Plaintiff's Motion to Compel will be denied at this time.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 45) is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this ___28th___ day of July, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record